The declaration contains three counts. The first is for money had and received, and the other two are upon special promises. *Page 81 
The second is, in substance, that the defendant was indebted to the plaintiff by bond, and in consideration of the acceptance of the same by the plaintiff in payment of the bond and canceling the bond, the defendant passed and assigned to the plaintiff a promissory note made by Joseph Gordon and payable to Exum Elliott Co. for $101, which said note was then in the hands of A. M. Esquire, an attorney at law, who had before undertaken to bring suit on the note and obtain judgment thereon; and that the defendant, upon the consideration aforesaid, undertook and promised that, notwithstanding any act or thing done or suffered by the defendant, he had good right to pass and assign to the plaintiff the said note, and that the plaintiff might and should receive to his own use the sum for which the said note was given. It then lays a breach that the defendant had not the right to transfer the debt to the plaintiff, and could not authorize him to receive the money due thereon, for that, before that time, the defendant had only passed the note to James C. Skinner and authorized him to receive to his own use the same money, and that Skinner by means thereof became entitled to the money when recovered, and did afterwards receive it and prevent the (107) plaintiff from receiving any part thereof.
The next count lays that in payment of the bond to the plaintiff, the defendant gave him an order on A. M. Esquire, an attorney at law, to pay to the plaintiff the sum due on Gordon's note, when the same should be collected by him, and then undertook that the note was good, and that the money mentioned therein should be collected and paid by the said A. M. to the plaintiff for his own use in a reasonable time. It then lays a breach, as before, that the defendant had before passed the debt to Skinner and authorized him to receive and hold the money.
There is no evidence tending to support the count for money had and received, nor the second special count. There was no order given on the attorney, who was not to collect the money, but only get a judgment. The case, therefore, turns on the second count, which is founded on a transfer of Gordon's debt in payment of the debt of the defendant to the plaintiff.
It will be perceived that the defendant's liability is not placed upon the ground that the note belonged to Exum Elliott Co., the payees, and not to the defendant; nor upon the ground that Gordon did not owe the money, or was insolvent; nor upon any other ground depending upon a general guaranty. But this count puts the case upon the single point that the defendant undertook that he had done no act whereby the plaintiff should be prevented from receiving the money due from Gordon on the note, and that, notwithstanding any act by the defendant, the plaintiff might and should receive the money to his own use. The decision of the point is not necessary in this case; but it may be *Page 82 
admitted that the legal effect of the immediate transaction between these parties amounted to such an undertaking as is laid in the count, (108) upon the ground that passing a debt to another for a valuable consideration imports an engagement, at least, that the assignor has done nothing and will do nothing rendering the transfer ineffectual. For example, that it is to be implied that a person stipulates that he has not collected the money, and that he will not take it. Of course, the engagement must include also the acts of other persons under his authority or a title derived from him. But if it be yielded that such an undertaking may be inferred in this case, still it remains for the plaintiff to show a breach on the part of the defendant. Here a breach is stated, that the defendant had previously transferred Gordon's note to Skinner and authorized him to receive the money due on it to his own use, and that he has done so. Now, that is not true. The declaration imports that there was an absolute assignment to Skinner. That was never true. There was, at most, a conditional agreement, at one time, that Skinner should have the money that should be recovered from Gordon. But in the events that occurred, Skinner had no right to it. There was no agreement between Skinner and the defendant, by themselves. All three, Skinner, S. Elliott, and the defendant, were parties to the agreement that was made; and an essential part of it was that the money that should be recovered on any bond furnished by the defendant should be applied, in the first place, to the credit of the defendant's debt to S. Elliott. In truth, that was the only part of the agreement between the three which was beneficial to this defendant. There was no assignment to Skinner in the nature of an indorsement of a negotiable instrument, so as to vest the legal right in him, but only a verbal agreement conferring an authority on Skinner to receive the money for certain purposes — one, and the first of which was, that if S. Elliott would forbear to sue Perry on his bond until judgment could be obtained on Gordon's note and the money collected, the money should be applied in payment of Perry's debt to S. Elliott, and then in payment of Elliott's debt to (109) Skinner. That was clearly the understanding between those persons, and it could have been no other. It was, plainly, conditional, as just mentioned; for the present defendant had no motive for agreeing to transfer the claim but to pay his own debt. From the nature of the agreement, then, Skinner's right to this money was dependent upon the act of S. Elliott, namely, in giving or denying a credit therefor on Perry's debt to him; and, therefore, when S. Elliott parted from the defendant's bond, the whole arrangement fell through. It cannot be supposed that the defendant meant to transfer Gordon's note in payment of S.E.lliott's debt to Skinner, and not in payment of his own debt to Elliott. When Elliott disable himself from giving the defendant *Page 83 
the credit for which he had stipulated with the other two, Skinner had no longer any right to touch the money; and his receiving it subsequently was wrongful as against the defendant and not by his authority. For this reason the judgment ought to be
PER CURIAM. Affirmed.